The Honorable Mark Riable State Representative 16611 Burlington Road Little Rock, AR 72211
Dear Representative Riable:
This is in response to your request for an opinion on whether Arkansas citizens may legally be subjected to multiple taxes, such as federal and state income taxes, state and local sales taxes, and property taxes. You have also asked whether there is a prohibition against double taxation.
The power of taxation is an essential and inherent attribute of sovereignty, belonging as a matter of right to every independent state or government. See 84 C.J.S. Taxation § 4 (1954); 71 Am. Jur. 2d State and Local Taxation § 71 (1973). The power to tax does not depend upon a grant by the constitution or on the consent of the owners of property subject to taxation, although the constitution may place restrictions upon the power. Id.;Morley, Comm'r v. Remmel, 215 Ark. 434, 221 S.W.2d 51 (1949). Generally speaking, the power of a government to tax, if exercised for public purposes, is "unlimited, absolute, extending to all persons, property, and business within its jurisdiction," and the only security against an abuse of the power is found in the structure of the government itself, in that the taxing authority is acting upon its constituents. Id. Thus, it seems clear that Arkansas citizens may lawfully be subjected to the multiple taxes you refer to, assuming that the taxes are within constitutional limitations and do not otherwise violate the law.
In response to your second question, we have pointed out in previous opinions that, while double taxation is disfavored by the courts, there is no absolute prohibition against it in either the United States or Arkansas Constitutions. See Opinion No.90-098, a copy of which is enclosed. In any event, for "double taxation" to occur:
 the same property must be taxed twice when it should have been taxed but once; both taxes must be imposed on the same property or subject matter, for the same purpose, by the same state, government, or taxing authority, within the same jurisdiction or taxing district, during the same taxing period, and they must be the same kind or character of tax.
84 C.J.S. Taxation § 39 at 131-32 (1954). For obvious reasons, it is my opinion that the multiple taxes you refer to do not constitute double taxation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh